IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR., :
: 
Petitioner, :
:
vs. : CIVIL ACTION NO.: CV209-008
:
UNITED STATES OF AMERICA and :
WARDEN, Federal Correctional :
Institution - Jesup, :
:
Respondent. :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathaniel Thurston ("Thurston"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Response. For the reasons which follow, Thurston's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Thurston pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(d), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Thurston was sentenced in the Southern District of Florida to 260

---

[1] The Warden at the facility where a petitioner is housed at the time of filing is the only proper Respondent in a section 2241 petition. See 28 U.S.C. § 2242. Thus, the United States of America should be **dismissed** as a Respondent.

months' imprisonment. Thurston filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence.

Thurston filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida, and his motion was denied. The Eleventh Circuit affirmed the Southern District of Florida court's decision.

Thurston then filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of South Carolina. Thurston's petition was dismissed because the South Carolina court found Thurston did not establish that section 2255's remedy was inadequate or ineffective. The Fourth Circuit Court of Appeals denied Thurston's appeal.

Thurston filed another petition for writ of habeas corpus, pursuant to § 2241, in the District Court for the District of Columbia; that court dismissed Thurston's petition, and this decision was affirmed by the Court of Appeals for the District of Columbia.

Undeterred, Thurston filed two (2) additional § 2241 petitions in the Middle District of Florida. Both of these petitions were dismissed due to Thurston's failure to demonstrate that section 2255's remedy was inadequate or ineffective. (Doc. No. 9, pp. 2-5).

In the instant petition, Thurston asserts he received ineffective assistance of counsel during his criminal trial in 1993. Thurston also asserts that his plea agreement was involuntary, and the trial judge did not ensure that his plea was voluntary before accepting his plea. Thurston contends that his constitutional rights have been

AO 72A
(Rev. 8/82)

2

"abridged" in many ways by various judges, prosecutors, and other government officials. (See, e.g., Doc. No. 2, p. 12).

Respondent avers that Thurston' petition should be dismissed. Respondent contends that Thurston has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. In addition, Respondent asserts that Thurston's civil rights claims are not cognizable in a section 2241 petition.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Thurston has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He ostensibly asserts that he did not file a motion pursuant to section 2255 because the remedy afforded under that statute would have been inadequate or ineffective to challenge the legality of his conviction and sentence because his rights have been abridged by the denial of his previously filed applications for collateral relief. (See Doc. No. 2, p. 6).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a

> claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Thurston fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Thurston made the same arguments with the other courts in his previously-filed post-sentencing motions and applications as he does in this petition. (Doc. No. 2, Exs. 16, 19, 22, 25). Simply because those courts denied Thurston's claims does not mean that section 2255's remedy is inadequate or ineffective. Thurston has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Thurston cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Thurston is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

The remaining portions of Thurston's petition do not set forth claims for habeas relief. A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody,

and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied access to the courts during the period of incarceration or being deprived of an alleged liberty interest, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Thurston's remaining contentions properly lie within the purview of 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which authorize an inmate to bring claims for a violation of his constitutional rights by federal actors. Should Thurston wish to pursue the remainder of his claims, he may do so by filing a cause of action pursuant to section 1331 and Bivens.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Thurston's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE